**UNITED STATES COURT OF APPEALS**

**Filed 7/10/96**

**FOR THE TENTH CIRCUIT**

———

RED WING PRODUCTS, INC.; KEY )
TEMPORARY PERSONNEL, INC., )
                                  )
    Plaintiffs-Appellants, )
                                  )
v.                                )     No. 96-5010
                                  ) (D.C. No. 95-C-295-K)
LEANN BURRIS,                     )   (N. Dist. Okla.)
                                  )
    Defendant-Appellee. )

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Red Wing Products, Inc. and Key Temporary Personnel, Inc.

---

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

(appellants) appeal from the district court's <u>sua</u> <u>sponte</u> order granting summary judgment in favor of Leann Burris (Burris).

On March 29, 1995, appellants filed this declaratory judgment action seeking a declaration that Burris' activities arguably fell within the scope of the National Labor Relations Act (NLRA); hence, her state law wrongful discharge claim was preempted by the NLRA. In addition, appellants sought a declaration that (a) application of Oklahoma law to Burris' claim violated the Supremacy Clause of the United States Constitution, (b) the state district court was without subject-matter jurisdiction, and (c) the National Labor Relations Board (NLRB) had exclusive jurisdiction over Burris' wrongful discharge claim.

Upon its own motion, the district court granted summary judgment in favor of Burris, concluding that her claim was not preempted by the NLRA and should properly remain in state court.

On appeal, appellants contend that: (1) the district court erred in denying its motion for summary judgment; (2) the district court erred in granting summary judgment in favor of Burris pursuant to the court's <u>sua</u> <u>sponte</u> motion; (3) Burris' conduct could arguably be characterized as "concerted activity" within the scope of the NLRA; (4) once the district court recognized that Burris' conduct could arguably be characterized as "concerted activity" within the scope of the NLRA, it lacked jurisdiction to make a final determination as to whether certain conduct qualified

as "concerted activity" under the NLRA.

We review the district court's grant or denial of summary judgment <u>de</u> <u>novo</u>, applying the same legal standard used by the district court. <u>Lancaster v. Air Line Pilots Ass'n Int'l</u>, 76 F.3d 1509, 1516 (10th Cir. 1996).

After careful consideration, we affirm on the basis of the well-reasoned opinion of the district court in its November 30, 1995, Order. <u>See</u> <u>also</u> <u>Peabody Galion v. Dollar</u>, 666 F.2d 1309, 1313-1319 (10th Cir. 1981) (no NLRA preemption).

**AFFIRMED.**

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge